# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

UNITED STATES OF AMERICA

VERSUS                               CRIMINAL ACTION NO. 5:09cr18-DCB-JCS

DONYALL CORTELL PARKER                                            DEFENDANT

## ORDER

This matter comes before the Court on Defendant Donyal Cortell Parker's ("defendant") Motion to Dismiss [docket entry no. 20] filed on December 14, 2009. The government filed its Response [docket entry no. 25] on December 24, 2009. Having carefully considered said Motion, Response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On September 16, 2009, the defendant was indicted by the Grand Jury on two counts. Count One charged the defendant with possession with intent to distribute more than fifty (50) grams of cocaine base, a/k/a "crack", in violation of 21 U.S.C. § 841(a)(1). Count Two charged the defendant with possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1).

In his motion, the defendant states that the indictment should be dismissed because he did not have actual or constructive possession of the narcotics; he did not knowingly have ownership, dominion or control over the narcotics or over the premises where the narcotics were found; and, he was not in close proximity to the narcotics when they were discovered. The defendant's assertions

are all based upon material facts at issue in this case that are not contained in the indictment. Issues of fact are not something that this Court should consider for purposes of a motion to dismiss an indictment. U.S. v. Cortez, 2007 WL 954209, *6 (W.D. Tex. 2007)(citing U.S. v. Knox, 396 U.S. 77, 90 S.Ct. 363 (1969)). Factual issues regarding the alleged crime(s) committed are "general issues" which are appropriately addressed at trial. See Fed. R. of Crim. Pro. 12(b)(2); Knox, 396 U.S. at 84 n. 7.

Additionally, the Court is of the opinion that the indictment is valid on its face. It informs the defendant of the charges against him and it enables him to "adequately [] plead an acquittal or conviction in bar of future prosecutions for the same offense." U.S. v. Mann, 517 F.2d 259, 268 (5th Cir. 1975). In Mann, the court stated:

> A defendant may not properly challenge an indictment, sufficient on its face, on the ground the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits.

Id. at 267(citing Costello v. U.S., 350 U.S. 359, 363 (1956)). For these reasons, the Court finds that dismissal of the indictment is unwarranted.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion to Dismiss [docket entry no. 20] is **DENIED**.

**SO ORDERED** this the 12th day of January 2010.

   s/ David Bramlette   

**UNITED STATES DISTRICT COURT**