# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

UNITED STATES OF AMERICA

VERSUS                              CRIMINAL ACTION NO. 5:09-cr-18-DCB-JCS

DONYALL CORTELL PARKER                                           DEFENDANT

## ORDER

This cause comes before the Court on the defendant's Motion for Severance [docket entry no. 31]. Having carefully considered said Motion, Response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

Defendant Donyall Parker ("Parker") was indicted on September 16, 2009, along with co-defendant Michael Alexander. Count 1 charges both defendants with intent to distribute more than 50 grams of cocaine in violation of 21 U.S.C. § 841(a)(1). Count 2 charges both defendants with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Parker now separately moves the Court for severance of his trial from the trial of the other defendant under Federal Rule of Civil Procedure 14.

When considering a Rule 14 motion to sever, "the district court must first determine whether the claims were improperly joined under Rule 8(a)." U.S. v. Holloway, 1 F.3d 307, 311 at fn. 2 (5th Cir. 1993)(citation omitted). If the district court determines that the claims were properly joined, then it must review the motion to sever under Rule 14. Id.

In the instant case, the Court finds that these defendants were properly joined pursuant to Rule 8. The indictment charges both defendants with each count. In addition, both defendants are alleged to have participated in the same act and transaction which constitute the charges alleged against them. As a result, the requirements for joinder of defendants and offenses under Rule 8 are met. See FED. R. CIV. PRO. 8. The Court will now consider the defendant's motion to sever.

Rule 14 provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." The Court begins by noting the general rule that "defendants indicted together should be tried together." U.S. v. Nguyen, 493 F.3d 613, 625 (5th Cir. 2007)(citing U.S. v. Rocha, 916 F.2d 219, 227-28 (5th Cir. 1990)). Severance is proper only whether a defendant shows that "'there is a serious risk that a joint trial would compromise a special trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" Id. (quoting Zafiro v. U.S., 506 U.S. 539, 113 S.Ct. 933, 122 L. Ed. 2d 317 (1993)).

Parker makes two arguments in support of his motion to sever: (1) that severance is necessary because Parker may call his co-defendant as a witness; and (2) that the government may introduce

2

evidence, prejudicial to Parker, against his co-defendants that would not be admissible against Parker in a separate trial.

First, Parker argues that severance is necessary because he may call his co-defendant as a witness. The Fifth Circuit Court of Appeals has articulated the requirements for a prima facie case for severance based on the need for exculpatory testimony of a co-defendant: "A defendant must show: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the co-defendant would in fact testify if severance were granted." Rocha, 916 F.2d at 232 (citations omitted).

The Court finds that Parker has not met part two, three, or four of the test. Parker's motion contains only conclusory statements that he *may* call his co-defendant to testify or that his co-defendant may call Parker to testify. (emphasis added). Parker provides no "substance of the testimony," no "exculpatory nature and effect" of the testimony, nor that the co-defendant or Parker will in fact testify if severance is granted. Id. Therefore, the Court finds that Parker's conclusory statements fall short of the requisite showing.

Parker's second argument is that he will be prejudiced in a joint trial because the government may introduce evidence against his co-defendant that would be inadmissible against Parker in a separate trial. Parker does not offer any supporting law for his

position nor does he state what evidence may be prejudicial or inadmissible against him. The Court finds that Parker's conclusory allegation of prejudice is insufficient to meet his burden of showing that a joint trial would be so prejudicial that the court must exercise its discretion and sever the trial. "The test for severance under Rule 14 is whether the jury could sort out the evidence reasonably and view each defendant and the evidence relating to that defendant separately. *If cautionary instructions are deemed sufficient, severance is not required*." Rocha, 916 F.2d at 228 (citing U.S. v. Merida, 765 F.2d 1205, 1219 (5th Cir. 1985)(emphasis added)). Based on the information presently before the Court, there is nothing to indicate that the jury, when equipped with the proper limiting instruction, would be unable to determine which evidence pertained to each particular defendant. Thus, since none of Parker's arguments demonstrate the need for severance, his motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion for Severance [docket entry no. 31] is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 31st day of March 2010.

                                             s/ David Bramlette
                                       **UNITED STATES DISTRICT JUDGE**