**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

UNITED STATES OF AMERICA

VERSUS                    CRIMINAL ACTION NO. 5:09cr18-DCB-JCS

DONYALL CORTELL PARKER                                DEFENDANT

## ORDER

This cause is before the Court on the defendant's Motion for New Trial [docket entry no. 56]. The government filed a Response [docket entry no. 57] on April 26, 2010. Having carefully considered said Motion, Response, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On April 15, 2010, the defendant was convicted in a trial by jury of one count of knowingly and intentionally possessing with intent to distribute more than fifty (50) grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and one count of knowingly and intentionally possessing with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). The defendant filed the instant motion for new trial on April 25, 2010. Therein, he contends that the government failed to present sufficient evidence by a which a reasonably jury could find that the defendant had either actual or constructive possession with the intent to distribute the controlled substance for which he was convicted. The defendant provided no other arguments or support in his motion.

Pursuant to Federal Rule of Criminal Procedure 33, the Court

"may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). When considering a defendant's motion for a new trial, the "district court must carefully 'weigh the evidence and may assess the credibility of the witnesses', . . . however, it must not entirely usurp the jury's function, or simply set aside the jury's verdict because it runs counter to the result the district court believed was more appropriate." United States v. Tarango, 396 F.3d 666, 672 (5th Cir. 2005)(internal citations omitted). The Fifth Circuit further stated:

> Setting aside a jury's guilty verdict in the interests of justice may be appropriate under circumstances where the evidence brought forth at trial may tangentially support a guilty verdict, but in actuality, preponderates sufficiently heavily against the verdict such that a miscarriage of justice may have occurred. Similarly, while vested with discretion to grant a new trial pursuant to Rule 33 if necessary in accordance with the interests of justice, this power should be exercised infrequently by district courts, unless warranted by "exceptional" circumstances.

Id. (internal citations and quotations omitted).

After a thorough review of the record, this Court finds that there was sufficient evidence from which the jury could conclude, beyond a reasonable doubt, that Donyall Cortell Parker had either actual or constructive possession with intent to distribute more than fifty (50) grams of cocaine base and had either actual or constructive possession with intent to distribute marijuana. This Court must view the evidence and all inferences to be drawn from it

2

in the light most favorable to the jury's verdict. United States v. Percel, 553 F.3d 903, 910 (5th Cir. 2008). A conviction will be affirmed "if a rational trier of fact could have found the evidence established the essential elements of the crime beyond a reasonable doubt." United States v. Davis, 226 F.3d 346, 354 (5th Cir. 2000)(citing United States v. Westbrook, 119 F.3d 1176, 1189 (5th Cir. 1997)).

At trial, the government presented evidence that the defendant owned and/or possessed the residence where the contraband and money were found; that the defendant possessed the keys to the locked bedrooms where the contraband and money were found; that crack cocaine, marijuana, and a large amount of currency were found in one of the locked bedrooms and throughout the residence; that the defendant was positioned on the sofa in the living room in clear view of co-defendant Alexander while Alexander was bagging crack cocaine and marijuana for distribution immediately prior to the entry of law enforcement; and that the defendant acquired the currency from the police department two months later claiming it as his property. These facts, among other evidence presented, show that "a rational trier of fact could have found the evidence established the essential elements of the crime beyond a reasonable doubt." Id.

After weighing the defendant's assertion against the record as a whole, the Court is unable to conclude that a new trial is

warranted in the interests of justice.  Thus, the defendant's Motion for New Trial is without merit.  Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion for New Trial [docket entry no. 56] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 20th day of May 2010.


                                                  s/ David Bramlette
                                        **UNITED STATES DISTRICT JUDGE**